UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                              CRIMINAL NO. 3:18-CR-241-DPJ-FKB

CHEY JOHNSON

ORDER

On November 27, 2018, Defendant Chey Johnson was charged with being a felon in the possession of a firearm. He has moved to suppress evidence related to the firearm; for the following reasons, the motion [36] is denied.

I.   Background

Johnson was the subject of a joint state and federal investigation into drug-trafficking operations in the Jackson metropolitan area. As part of that investigation, Mississippi Bureau of Narcotics agent Eric Peacock obtained a warrant from the Circuit Court of Hinds County, Mississippi, to search Johnson's safe-deposit box at Members Exchange Credit Union in Byram, Mississippi. His application suggested probable cause to believe Johnson kept drug-trafficking proceeds in the safe-deposit box. The search occurred April 17, 2018, and agents found a 9mm Smith & Wesson handgun. Because Johnson is a convicted felon, he is prohibited from possessing a firearm under 18 U.S.C. § 922(g).

On October 2, 2020, Johnson moved to suppress the firearm. In basic terms, Johnson argued that the warrant lacked probable cause and did not satisfy the good-faith exception. After briefing closed, the Court held a preliminary hearing, but little progress was made because Johnson requested additional discovery. Several status conferences followed, and the Court instructed the Government to produce the requested documents. Eventually, on March 26, 2021,

Johnson gave notice that he would not file a supplemental motion based on the new discovery. Accordingly, briefing on the motion is now closed.

II.     Analysis

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." If officers obtain evidence by violating this right, the exclusionary rule, "when applicable, forbids the use of [the] improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139 (2009).

Johnson invokes the exclusionary rule, but it has a notable exception when the search occurs pursuant to a warrant, even a defective one. If the "officer's reliance on a defective search warrant is 'objectively reasonable'" then the good-faith exception to the exclusionary rule applies and the evidence should not be suppressed. *United States v. Morton*, 984 F.3d 421, 425 (5th Cir. 2021) (quoting *United States v. Sibley*, 448 F.3d 754, 757 (5th Cir. 2006)). This requires a two-step inquiry:

> First, this court determines whether the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), applies. If the good-faith exception does not apply, this court proceeds to the second step and determines whether there was probable cause justifying issuance of the warrant.

*United States v. Regan*, 832 F. App'x 898, 899 (5th Cir. 2021) (citation omitted).

As to the first step, there are four circumstances that negate the good-faith exception. Johnson relies on two, asserting that Peacock misled the issuing judge or, alternatively, that the judge abandoned his/her judicial role. *See* Def.'s Mem. [38] at 5. Both arguments are grounded in the same point—there was nothing in Peacock's warrant application indicating that Johnson was engaging in "continuing criminal activity" when Peacock sought the warrant. *Id.* As Johnson correctly notes, probable cause must exist at the time the warrant is issued. *United*

*States v. Contreras*, 905 F.3d 853, 858 (5th Cir. 2018). And here, the last act alleged in the subject application occurred on December 6, 2017, when agents seized 10 kilograms of cocaine from Johnson. Aff. [38-1] at 7. About four months later, Peacock sought the April 16, 2018 warrant.

Johnson first faults Peacock for seeking the warrant based on this dated information, contending that he misled the judge. He thus invokes the first exception to the good-faith exception, which states that "[s]uppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Leon*, 468 U.S. at 923 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).

To prevail on this theory, Johnson "bears the burden of establishing 'that material misstatements or omissions are contained in the supporting affidavit and that if those statements were excised (or the omitted information included), the affidavit would be insufficient to support the warrant.'" *United States v. Beverly*, 943 F.3d 225, 237 (5th Cir. 2019) (quoting *United States v. Signoretto*, 535 F. App'x 336, 339 (5th Cir. 2013)), *cert. denied*, 140 S. Ct. 2550, 206 L. Ed. 2d 485 (2020). Johnson has not met that burden because there is no evidence Peacock knew or should have known the information in the application was false. Indeed, Johnson says just the opposite, contending that Peacock truthfully informed the judge that the last known act occurred four months earlier.

A similar thing happened in *United States v. Rojas Alvarez*, 451 F.3d 320, 332 (5th Cir. 2006). There, a federal agent testified before the grand jury that information was too stale to obtain a warrant, but the magistrate issued a warrant anyway. The Fifth Circuit held:

> The first exception does not apply because Alvarez does not contend that Agent Salmon misled the issuing judge by placing information in his affidavit that he

3

> "'knew was false or would have known was false except for his reckless disregard of the truth.'" [*United States v.*] *Cherna*, 184 F.3d [403,] 407 [(5th Cir. 1999)] (quoting *Leon*, 468 U.S. at 923, 104 S. Ct. 3405). At best, Alvarez's complaint is that Agent Salmon did not believe that the facts supported a legal finding that probable cause existed—the first exception does not encompass such an argument.

*Id.* at 331–32.

In his reply, Johnson makes a different point, arguing that Peacock knew Johnson did not keep drug-trafficking proceeds in the safe-deposit box. Peacock's application summarized recorded conversations between Johnson and others indicating that Johnson's bank accounts were low on funds. Def.'s Reply [41] at 2. Johnson argues that Peacock therefore knew Johnson "had very little cash at the Members Exchange Credit Union or any other financial institution." *Id.* But bank accounts and safe-deposit boxes are two different things. Peacock's application notes that Johnson was visiting banks to collect money and had various safe-deposit boxes at those banks. If the accounts were low, then it was more likely he kept cash in the safe-deposit boxes instead.

Johnson alternatively says the good-faith exception is inapplicable because the issuing judge wholly abandoned his or her judicial role. Def.'s Mem [38] at 6. That exception "may apply when the magistrate judge 'serve[s] merely as a rubber stamp for the police.'" *United States v. Gonzalez*, 766 F. App'x 178, 181 (5th Cir. 2019) (quoting *Leon*, 468 U.S. at 914). The Fifth Circuit has

> previously explained, however, that this exception must "be read in the context of . . . *Leon*, which emphasized that 'the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates.'" [*United States v.*] *Breckenridge*, 782 F.2d [1317,] 1321 [(5th Cir. 1986)] (quoting *Leon*, 468 U.S. at 916, 104 S. Ct. 3405). In keeping with this policy of police deterrence, we have applied the good-faith exception even when the magistrate judge "actually did not fully perform his role," so long as the judge "appeared to [the officers] to have fulfilled his duty to act as a 'neutral and detached' magistrate." *Id.* at 1321–22. We reasoned that to suppress evidence when the

4

>officers could not have reasonably known of the magistrate judge's error would "'punish [the police for] the errors of judges and magistrates,' in defiance of the command of *Leon*." [*Id.*] at 1322 (quoting *Leon*, 468 U.S. at 916, 104 S. Ct. 3405).

*Id.* (additional citation omitted). Johnson offers no real argument or evidence to meet this test and has not met his burden to show that the good-faith exception is inapplicable. His motion could be denied on that basis alone. *Regan*, 832 F. App'x at 899.[1]

Even assuming the good-faith exception is inapplicable, Johnson fails at the next step because probable cause existed. Again, he says the information in the application was stale. But the Fifth Circuit has recognized two circumstances where probable cause exists even though the warrant is obtained based on dated information:

>(1) Information reaching back over long periods may be used to support an affidavit "if the information of the affidavit clearly shows a long-standing, ongoing pattern of criminal activity;" and (2) where the type of evidence sought is "the sort that can reasonably be expected to be kept for long periods of time in the place to be searched," the court is "more tolerant of dated allegations."

*Rojas Alvarez*, 451 F.3d at 332 (quoting *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1130 (5th Cir. 1997)).

Both apply. First, the application noted that the investigation of Johnson started in February 2016, and it included numerous specific examples of drug-trafficking activity through December 2017. That activity continued even after an alleged co-conspirator was stopped. These events are similar to those in *Rojas Alvarez*, where the court held that this exception militated against finding the information stale. *Id.*

---

[1] Johnson does contend that Members Exchange was not addressed in the Underlying Facts and Circumstances of the warrant application and that Wells Fargo is the only bank mentioned in the "information section." Def.'s Mem. [38] at 6. But the warrant not only identifies Members Exchange as the custodian, it later lists Members Exchange as one of the banks where Johnson allegedly stored cash. So that argument is factually incorrect. *See* Aff. [38-1] at 7.

The second exception is even more obvious because drug proceeds could "reasonably be expected to be kept for long periods of time in the place to be searched." *Rojas Alvarez*, 451 F.3d at 332. The documents sought in the warrant application included "all money of any kind" and "any records reflecting the purchase or leasing of a safe[-] deposit box in the above listed persons, including but not limited to logs or records indicating the entry into the safe deposit area of the bank." Aff. [38-1] at 1. Even assuming Johnson ceased the drug-trafficking activity in December 2017, drug proceeds might still be found in the safe-deposit boxes long after that date.

*Rojas Alvarez* is again similar. 451 F.3d at 332. There, the Fifth Circuit held that "books, records, receipts, and other historical proof of drug activity . . . can reasonably be expected to be retained after it is obtained or created." *Id.* The same is true here. Peacock's affidavit asserted that Johnson dealt in large sums of cash (at times hundreds of thousands of dollars); visited various banks to obtain money though his accounts were low; made little from his car business; and used others to launder drug proceeds. *See* Aff. [38-1] at 6–7. It is therefore reasonable to expect funds to remain in the safe-deposit box for long periods of time. In sum, Johnson has not established that the good-faith exception is inapplicable, nor has he shown that the warrant lacked probable cause.

Finally, Johnson has not made a sufficient showing to justify an evidentiary hearing on these issues. Hearings on motions like this are not guaranteed and are required only "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in [a] warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56.

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.

6

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Id.* at 171–72; *see also Signoretto*, 535 F. App'x at 339 (applying *Franks*). Johnson has offered no evidence to support his motion—other than the disputed application and warrant—and is not entitled to an evidentiary hearing.

III.   Conclusion

The Court has considered all arguments; those not referenced would not change the results. For the foregoing reasons, the Motion to Suppress [37] is denied. Johnson's two motions to continue [32, 36] are denied as moot. The Court has previously granted this relief, and the case is subject to a series of pandemic-related special orders staying all criminal trials. Those special orders remain in place, and this case is set for the Court's May pretrial calendar and June trial calendar. Finally, the motion for extension of time to notify the Court whether Johnson would file a supplemental motion to suppress [43] is granted.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE